22-1745
Holmes v. Apple, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand twenty-three.

PRESENT:
> DENNIS JACOBS,
> RICHARD C. WESLEY,
> BETH ROBINSON,
> *Circuit Judges.*

_____

Tyrone Holmes,

> *Plaintiff-Appellant*,

v.                                                                          No. 22-1745

Apple Inc., Amazon.com, LLC, Checkpoint
Fluidic Systems International, Ltd.,

> *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:                     TYRONE HOLMES, *pro se*, Bronx, NY.

FOR DEFENDANT-APPELLEE                        MICHAEL JOHN GOETTIG,
AMAZON.COM, LLC:                              Davis Wright Tremaine LLP, New York, NY.

FOR DEFENDANT-APPELLEE                        HANNAH Y. CHANOINE,
APPLE, INC.:                                  O'Melveny & Myers LLP, New York, NY (David R. Eberhart, O'Melveny & Myers LLP, San Francisco, CA; Brandon C. Amash, O'Melveny & Myers LLP, Newport Beach, CA, *on the brief*).

FOR DEFENDANT-APPELLEE                        BRIAN GRAIFMAN, Borah,
CHECKPOINT FLUIDIC SYSTEMS                    Goldstein, Altschuler,
INTERNATIONAL, LTD.:                          Nahins & Goidel, P.C. New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

After the district court entered judgment for the defendants and we affirmed on *de novo* review,[1] *see Holmes v. Apple Inc.*, 797 F. App'x 557 (2d Cir. 2019), the

---

[1] "*De novo* review" refers to "[a]n appeal in which the appellate court uses the trial court's

2

clerk of the district court disclosed that the presiding district judge had owned stock in defendant Apple, Inc. ("Apple") during the litigation. In response, plaintiff Tyrone Holmes moved to vacate the judgment under Federal Rule of Civil Procedure 60(b)(6) and 28 U.S.C. § 455(a). He argued that the stock ownership called the judge's impartiality into question. He also accused lawyers for defendant Amazon.com ("Amazon") of committing fraud on this Court during the initial appeal.

Holmes's motion was assigned to a new district judge, who determined both that there had been no fraud and that this Court's affirmance on *de novo* review had rendered harmless the original district judge's failure to recuse. *See Holmes v. Apple Inc.*, 2022 WL 2316373, at *2–3 (S.D.N.Y. June 27, 2022). Holmes timely appealed.

We write against the backdrop of our prior summary order, and assume the parties' familiarity with the case, procedural history, and issues. We review the denial of a Rule 60(b)(6) motion for abuse of discretion. *See DeWeerth v. Baldinger*, 38 F.3d 1266, 1272 (2d Cir. 1994).[2]

_____

record but reviews the evidence and law without deference to the trial court's rulings." *Appeal de Novo*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[2] To the extent Holmes invoked Rule 60(d)(3), and to the extent relief under (d)(3) would be distinct, we also review a determination under that rule for abuse of discretion. *See United*

Holmes is correct that the district court's § 455(a) vacatur analysis should have been guided by the three-part test of *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988). *Liljeberg* required the district court to consider "the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Id.* at 864. We recently clarified, however, that a § 455(a) vacatur ruling is not so "procedurally deficient" to require remand if it assesses the concerns addressed in *Liljeberg*, even if not by name. *ExxonMobil Oil Corp. v. TIG Ins. Co.*, 44 F.4th 163, 173 (2d Cir. 2022). The district court concluded here, in essence, that our prior *de novo* review limited the risk of present or future injustice. *See Holmes*, 2022 WL 2316373, at *2. It also concluded that our *de novo* review "ameliorate[d] any concerns" about diminishing the public's confidence in the judicial process. *Id.* The district court grounded its reasoning in the fact that Holmes's claims presented pure questions of law at the Rule 12 and Rule 56 stages, and these questions were given a fresh look by three unconflicted judges. *Id.* These are the same considerations that drove our analysis in *ExxonMobil*. *See* 44 F.4th at 174. Accordingly, despite the lack of explicit

*Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009).

consideration of the *Liljeberg* factors, no remand is warranted on procedural grounds alone.

Our own independent consideration of the *Liljeberg* factors confirms that vacatur of the underlying judgment was not necessary. The following facts suggest little to no risk of prejudice to current or future litigants or a diminished faith in the judicial process: A panel of three judges from this Court reviewed the original district court's judgment without any deference to the original district judge's analysis; the original district judge promptly disclosed the conflict when it came to light; and the underlying case is premised on idiosyncratic facts. *See Liljeberg*, 486 U.S. at 864.

We reject Holmes's argument that the new district judge here should have conducted an independent review of the underlying judgment as did the new district judge assigned in *ExxonMobil*. In *ExxonMobil*, the stock-ownership conflict came to light before this Court reviewed the merits of the appeal. *See ExxonMobil*, 44 F.4th at 170–71. Pursuant to a party's motion to the district court seeking to vacate the judgment, a separate district judge reviewed the merits of the case *de novo* and denied the motion to vacate. *Id*. at 171. Here, by contrast, when the parties learned of the original district judge's stock ownership, the appeal had been completed, and a panel of three appellate judges had already

5

reviewed the underlying judgment without deference to the original district judge. We do not read *ExxonMobil* to require an additional layer of *de novo* review by a new district judge when this Court has already affirmed the judgment on *de novo* review before the conflict came to light.

Finally, Holmes argues that counsel for Amazon committed fraud by claiming that the CheckPoint laptop could not have been the same laptop he purchased from Amazon. But Amazon's litigation position was supported by the summary judgment record, which showed that Amazon "shipped Holmes a brand-new computer sourced directly from Apple and packaged for delivery in Lewisberry, Pennsylvania, and that it shipped CheckPoint a *different* brand-new computer sourced directly from Apple that was packaged for delivery in Breiningsville, Pennsylvania." *Id.* at 562 (emphasis added). The computer shipped to Holmes was packaged in shrink-wrap and had no label on it; the computer recovered from his estranged wife had a "CheckPoint" label on it. *Id.* at 559, 562. This Court was not defrauded or deceived by counsel's argument.

Holmes's remaining arguments lack merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6